**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

SAMANTHA PATTERSON,

Plaintiff,

v.

CREATIVE LITTLE ONES PRE-SCHOOL INC., and AUDY SEJOUR, individually,

Defendants.

**COMPLAINT**

Plaintiff Samantha Patterson, by and through her attorneys, Caffarelli & Associates Ltd., for her Complaint against Defendants Creative Little Ones Pre-School Inc. ("CLOP") and Audy Sejour ("Sejour") (collectively, Defendants) states as follows:

**NATURE OF ACTION**

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, (FLSA) Illinois Minimum Wage Law, 820 ILL. COMP. STAT. 105/1, *et seq.* (IMWL) for Defendants' failure to pay all overtime wages due to Plaintiff during her employment. Specifically, Defendants have violated the FLSA and IMWL by failing to pay Plaintiff at a rate equal to one and one-half times her regular rate of pay (the "overtime rate") for all hours worked in excess of forty (40) per workweek.

2. Plaintiff also brings a claim pursuant to the Illinois Wage Payment and Collection Act, 820 ILL. COMP. STAT. 115/1, *et seq.* (IWPCA), to recover earned wages which Defendants have failed to provide.

## JURISDICTION AND VENUE

3. This Court has jurisdiction of this action under the provisions of the FLSA pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

4. The unlawful employment practices described herein were committed within the State of Illinois, at Defendant CLOP's principal office located in Chicago, Illinois. Venue in the Northern District of Illinois, Eastern Division is proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Plaintiff Patterson was employed by Defendants from in or around 2010 until on or around January 4, 2016.

6. Patterson resides and is domiciled in Chicago, Illinois, in this judicial district.

7. Defendant CLOP is an Illinois corporation engaged in early childhood education and child care. Its principal office is located at 9528 S. Halsted, Chicago, Illinois 60628, in this judicial district.

8. Defendant Sejour is the owner of Defendant CLOP.

9. Defendant Sejour has the authority to, and does, hire and fire employees; direct and supervise the work of employees; sign on Defendant CLOP's checking accounts, including payroll accounts; and make or participate in decisions regarding employee compensation.

## FACTUAL ALLEGATIONS

10. Plaintiff began working for Defendants as a Director in or around 2010 and remained employed by Defendants until her resignation on or around January 4, 2016.

11. Throughout her employment, Plaintiff was not exempt from the overtime provisions of the FLSA and IMWL.

12. Throughout Patterson's employment, Defendant paid her a fixed hourly rate that did not fluctuate based upon her actual hours worked.

13. During the three (3) years preceding the filing of this Complaint, Plaintiff routinely worked in excess of forty (40) hours per workweek.

14. Specifically, Plaintiff typically worked Monday through Friday from approximately 6:00 AM through 6:00 PM, which were CLOP's business hours. In addition, Plaintiff worked an additional one (1) to one and one-half (1.5) hours per day outside of regular business hours at CLOP's facility. Finally, Plaintiff was required to do laundry, a task which typically took her four (4) hours per week and which she performed off-site.

15. During the three (3) years preceding the filing of this Complaint, Defendants knew or should have known that Plaintiff routinely worked in excess of forty (40) hours per workweek.

16. During the three (3) years preceding the filing of this Complaint, Plaintiff was entitled under the law to be paid at the overtime rate for all hours worked in excess of forty (40) hours per workweek.

17. During the three (3) years preceding the filing of this Complaint, Defendants failed to pay Plaintiff at the overtime rate for all hours worked in excess of forty (40) hours per workweek.

18. Defendants were aware of their obligation to pay non-exempt workers overtime pay for all overtime hours worked and intentionally chose not to pay Plaintiff accordingly.

19. During the ten (10) years preceding the filing of this Complaint, Defendants failed to compensate Plaintiff for any of her time worked outside of Defendant CLOP's usual business hours.

20. Defendants acted in bad faith in failing to properly compensate Plaintiff for the work she performed.

**COUNT I – FAIR LABOR STANDARDS ACT**

21. Plaintiff re-alleges and incorporates each of the preceding paragraphs as though fully set forth herein.

22. Pursuant to 29 U.S.C. § 207, Plaintiff was entitled to be compensated at the overtime rate for all hours worked in excess of forty (40) in individual workweeks during her employment with Defendants.

23. Defendants failed to pay Patterson at the overtime rate for all hours worked in excess of forty (40) hours in individual workweeks.

24. Defendants' failure to compensate Patterson at the applicable overtime rate for all hours worked in excess of forty (40) hours per workweek is a violation of the FLSA.

25. Defendants knew their obligations under the FLSA, but deliberately chose not to heed them. Thus, Defendants' failure to properly compensate Plaintiff is a willful violation of the FLSA.

26. As a direct and proximate result thereof, there is due to Plaintiff back wages and liquidated damages pursuant to the FLSA.

WHEREFORE, Plaintiff Samantha Patterson respectfully requests that this Court enter judgment in her favor and enter an order as follows:

a) Awarding judgment for back pay equal to the amount of all unpaid compensation for the three (3) years preceding the filing of this Complaint, according to the applicable statute of limitations for willful violations of the FLSA;

b) Awarding liquidated damages in an amount equal to the amount of unpaid compensation found due pursuant to 29 U.S.C. § 216(b);

c) Awarding prejudgment interest with respect to the amount of unpaid compensation;

d) Awarding reasonable attorneys' fees and awarding costs incurred in filing this action; and

e) Ordering such other and further relief as the Court deems appropriate and just.

**COUNT II – ILLINOIS MINIMUM WAGE LAW**

27. Plaintiff re-alleges and incorporates each of the preceding paragraphs as though fully set forth herein.

28. Pursuant to 820 ILL. COMP. STAT. 105/4a, Patterson was entitled to be paid the overtime rate for all hours worked in excess of forty (40) during her employment with Defendants.

29. Defendants failed to pay Patterson at the overtime rate for all hours worked in excess of forty (40) hours per workweek.

30. Pursuant to 820 ILL. COMP. STAT. 105/12(a), there is due to Patterson unpaid wages earned in the three (3) years prior to the filing of this Complaint, plus statutory damages in the amount of two percent (2%) per month of the amount of underpayments.

WHEREFORE, Plaintiff Samantha Patterson respectfully requests that this Court enter judgment in her favor and enter an order as follows:

a) Awarding judgment in the amount of back pay equal to the amount of all unpaid compensation due for violations of the IMWL;

b) Awarding prejudgment interest on the back wages in accordance with 815 ILL. COMP. STAT. 205/2;

c) Awarding statutory damages pursuant to the formula set forth in 820 ILL. COMP. STAT. 105/12(a);

d) Awarding reasonable attorneys' fees and costs incurred in filing this action; and

e) Ordering such other and further relief as this Court deems appropriate and just.

**COUNT III – ILLINOIS WAGE PAYMENT AND COLLECTION ACT**

31. Plaintiff re-alleges and incorporates each of the preceding paragraphs as though fully set forth herein.

32. Defendants violated the IWPCA by failing to deliver all compensation promised to Plaintiff.

WHEREFORE, Plaintiff Samantha Patterson respectfully requests that this Court enter judgment in her favor and enter an order as follows:

a) Awarding judgment in an amount equal to all unpaid wages owed to Plaintiff pursuant to the IWPCA;

b) Awarding prejudgment interest on the back wages in accordance with 815 ILL. COMP. STAT. 205/2;

c) Awarding statutory damages pursuant to the formula set forth in 820 ILL. COMP. STAT. 115/14(a);

d) Awarding reasonable attorneys' fees and costs incurred in filing this action; and

e) Ordering such other and further relief as this Court deems appropriate and just.

Dated: July 1, 2016

Respectfully submitted,

SAMANTHA PATTERSON

By: /s/ Alejandro Caffarelli
Attorney for Plaintiff

Alejandro Caffarelli, #06239078
Madeline K. Engel, #06303249
Caffarelli & Associates Ltd.
224 South Michigan Ave, Suite 300
Chicago, IL 60604
Tel. (312) 763-6880